# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| Roland R. Piecha and Ewa E. Piecha, ) | Bankruptcy No. 10 B 16611 |
| Debtors, ) | |
| ) | |
| ──────────────────────────── ) | |
| Double D Plumbing Corp., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary No. 10 A 01549 |
| ) | |
| Roland R. Piecha, Spiro Pappas, and Top Design ) | |
| Developers, Inc., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION ON DEFENDANT'S MOTION
## TO DISMISS COUNTS IV AND V OF THE ADVERSARY COMPLAINT

Defendant Spiro Pappas ("Pappas") moves to dismiss Counts IV and V of the Adversary Complaint filed by Double D Plumbing Corporation ("Double D") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. 12(b)(1) (made applicable by Fed. R. Bankr. P. 7012). For reasons stated herein, Counts IV and V are dismissed by separate order.

### JURISDICTION AND VENUE

Jurisdiction lies to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a). This matter is a non-core proceeding under 28 U.S.C. § 157(b)(3). The Court has jurisdiction to determine whether or not it has jurisdiction over Counts IV and V. *Id.*; *Baker Dev. Corp. v. Mulder (In re Mulder)*, 307 B.R. 637, 640 (Bankr. N.D. Ill. 2004). Venue is proper under 28 U.S.C. § 1409(a).

## BACKGROUND

When considering a motion to dismiss for lack of subject matter jurisdiction, all well-pleaded factual allegations must be accepted as true and all reasonable inferences must be drawn in favor of the plaintiff. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

Double D filed this Adversary Complaint against Pappas, Roland R. Piecha ("Piecha"), and Top Design Developers, Inc. ("Top Design"). Counts I through III are solely against Piecha. Counts IV and V of the Adversary Complaint plead state law causes of action against Pappas (Count IV) and against Pappas and Top Design jointly (Count V). Count IV asserts a cause of action against Spiro Pappas under 770 ILL. COMP. STAT. 60/21.01 and Count V asserts a cause of action under 770 ILL. COMP. STAT. 60/28.

Double D is a plumbing subcontractor with its principal place of business in Illinois. Top Design was an Illinois corporation in the general contracting business. Double D was hired by Top Design to supply plumbing and labor materials for the construction of a home owned by Pappas at 916 Glenwood Lane, Glenview, Illinois (the "Property"). It is alleged that Top Design entered into a contract with Pappas, the owner of the Property, pursuant to which Top Design ordered plumbing and labor materials from Double D. Double D furnished the labor and materials between August 2007 and January 2008.

Piecha, a debtor in a voluntary Chapter 7 proceeding, is president and secretary of Top Design. Double D alleges that Piecha, on behalf of Pappas, asked Double D for a waiver of mechanic's lien in the amount of $20,000 so that Top Design could be paid by Pappas. Double D assertedly executed the lien waiver and tendered it to Piecha, but was never paid for the work it performed under the subcontract.

2

## DISCUSSION

Pappas contends that no subject matter jurisdiction lies over Counts IV and V because they are not even "related to" a case under Title 11. The jurisdiction of the bankruptcy court is limited to matters "arising in," "arising under," or "related to" a case under Title 11. 28 U.S.C. §§ 1334(b), 157(a); Internal Operating Procedure 15(a); *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995); *In re FedPak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996). Double D does not argue that Counts IV and V are core matters, but asserts jurisdiction pursuant to § 157(c)(1) which establishes "related to" jurisdiction.

The Supreme Court has explained that "related to" jurisdiction encompasses (1) claims that a debtor owns which become property of the estate and (2) "suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 307 n. 5. The Seventh Circuit narrowly interprets the term "effect." *FedPak*, 80 F.3d at 213-14. "A dispute between third parties is related to bankruptcy only if 'the dispute affects the amount of property for distribution . . . or the allocation of property among creditors.'" *Mulder*, 307 B.R. at 645 (quoting *FedPak*, 80 F.3d at 213). "Related to" jurisdiction " 'is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, *claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others . . . .*' " *FedPack*, 80 F.3d at 214 (quoting *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994)) (emphasis in original). "In any evident, 'bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor.' " *Liburd-Chow v. Nationstar Mortgage, LLC (In re Liburd-Chow)*, 434 B.R. 863, 868 (Bankr. N.D. Ill. 2010) (quoting *Celotex*, 514 U.S. at 308 n. 6).

In this case, there is no "related to" jurisdiction for Counts IV and V. Counts IV and V

3

seek to determine Pappas's liability for the execution of the lien waiver in the event that Double D does not succeed on Counts I – III. Pappas's potential liability has no bearing on the bankruptcy case. A judgment in favor of either party to Counts IV and V would not result in a greater or lesser distribution to Piecha's creditors.

Double D's sole legal argument in favor of finding subject matter jurisdiction is that Double D would be collaterally estopped from seeking recovery against Pappas in state court if it were to be found here that Pappas did not pay Top Design, despite receiving funds from his lender for work performed by Double D. This argument is too thin to show "related to" jurisdiction. Federal courts are courts of limited jurisdiction; subject matter jurisdiction cannot be conferred or created by estoppel. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980); *Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 801 (S.D. Ill. 2007).

## CONCLUSION

For the foregoing reasons, Counts IV and V of the Adversary Complaint are dismissed by separate order without prejudice for lack of jurisdiction, and defendants Pappas and Top Design are dismissed as parties.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of December, 2010.